# UNITED STATES DISTRICT COURT

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>JACK L. BEAN, Jr. | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1: 16 CR 10188 - FDS - 1**<br><br>USM Number: 99522-038<br><br>Frank D. Camera<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    One and Two

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(2)(A)<br>18:2252A(b)(1) | RECEIPT OF CHILD PORNOGRAPHY | 01/31/16 | One |
| 18:2252A(a)(5)(B)<br>18:2252A(b)(2) | POSSESSION OF CHILD PORNOGRAPHY | 04/28/16 | Two |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/31/2017
Date of Imposition of Judgment

/s/ F. Dennis Saylor
Signature of Judge

The Honorable F. Dennis Saylor IV
Judge, U.S. District Court
Name and Title of Judge

5/31/2017
Date

DEFENDANT:  JACK L. BEAN, Jr.
CASE NUMBER:  **1: 16  CR  10188   - FDS - 1**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      63      months.

On both counts to be served concurrently.

☑  The court makes the following recommendations to the Bureau of Prisons:

(1) Dft be designated to an institution commensurate with security where dft can participate in sex offender treatment as close to Taunton, Masschusetts as possible.  (2) Dft participate in vocational training to prepare him to enter the workforce. (3)  Dft participate in BOP's Residential Drug Abuse Program (RDAP). (4) If dft completes the RDAP he be considered for the BOPs' Alternative Community Placement Program allowing him to transition to a treatment setting as an alternative to a RRC prior to release.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on  _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

a  _____ ,  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   JACK L. BEAN, Jr.
CASE NUMBER:   1: 16  CR  10188   - FDS - 1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    5   year(s)

 On both counts to be served concurrently.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JACK L. BEAN, Jr.
CASE NUMBER:  1: 16  CR  10188    - FDS - 1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

2. You must participate in a mental health treatment program as directed by the Probation Office.

3. You must participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether you have reverted to the use of alcohol or drugs.

4. You must participate in a vocational services training program, as directed by the Probation Office. Such program may include job readiness training and/or skills development training.

5. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, you shall register as a sex offender not later than 3 business days (from release or sentencing, if granted probation). You will keep the registration current, in each jurisdiction where you reside, are employed or are a student. You must, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which you are registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also a new federal offense punishable by up to 10 years' imprisonment. In addition, you must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender per the Adam Walsh Child Protection and Safety Act of 2006 form.

6. You must participate in a sexual specific evaluation or sex offender specific treatment, conducted by a sex offender treatment provider, as directed and approved by the Probation Office. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual specific evaluation may include psychological and physiological testing which may include polygraph testing and the Visual Reaction Time Assessment (e.g. ABLE screen). You must disclose all previous sex offender or mental health evaluations to the treatment provider.

7. You must submit to periodic polygraph testing as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. When submitting to a polygraph exam, you do not waive your Fifth Amendment rights, and your exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.

8. You must allow the installation of computer internet monitoring software on approved internet capable devices, but may still use a computer for work purposes that has been previously approved by the Probation Office. The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual or otherwise inappropriate nature. You must not attempt to remove or otherwise defeat such systems, and must allow the Probation Office to examine such computer and receive data from it at any reasonable time.

9. You must advise anyone using the monitored internet capable devices that those devices are being monitored by the Probation Office.

10. You must not possess or use any computer or internet-capable device without prior approval from the Probation Office. Any such device should not be used to knowingly access or view sexually explicit materials as defined in 18 U.S.C. §2256 (2)(A).

11. You must disclose all account information relative to internet access, social networking, and email, including user names and passwords, to the Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the Probation Office to monitor your computer usage.

DEFENDANT:    JACK L. BEAN, Jr.
CASE NUMBER:    **1: 16  CR  10188    - FDS - 1**

# SPECIAL CONDITIONS OF SUPERVISION

12. You must provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions, including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

13. You must not knowingly have direct contact, or contact through a 3rd party, with children under the age of 18, unless previously approved by the Probation Office, or in the presence of a responsible adult who has been approved by the Probation Office, and who is aware of the nature of your background and current offense.

14. You must not knowingly have any contact with victim(s) without prior approval of the Probation Office. This includes letters, communication devices, audio or visual devices, visits, social networking sites, or third parties not covered by any other condition.

15. You must consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon you, unless excused by the probation officer. You are prohibited from being employed in any capacity that may cause you to come in direct contact with children, except under circumstances approved in advance by the supervising probation officer. In addition, you must not participate in any volunteer activity that may cause you to come into direct contact with children, except under circumstances approved in advance by the probation officer. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

16. Prior to accepting any form of employment, you must seek the approval of the Probation Office, in order to allow the Probation Office the opportunity to assess the level of risk to the community you may pose if employed in a particular capacity.

17. You shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring, based on the ability to pay or availability of third-party payment.

DEFENDANT:   JACK L. BEAN, Jr.
CASE NUMBER:    **1: 16 CR  10188   - FDS - 1**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  200.00 | $  0.00 | $  0.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $       0.00 | $       0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the    ☐  fine    ☐  restitution.

     ☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   JACK L. BEAN, Jr.
CASE NUMBER:    **1: 16 CR 10188 - FDS - 1**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☑   Lump sum payment of $   200.00   due immediately, balance due

         ☐    not later than _____ , or
         ☐    in accordance    ☐   C,    ☐   D,    ☐   E, or    ☐   F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

     As charged in the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.